UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 1998A15528 |
| vs. | § § | |
| Lovar J. Cusic | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 14587 Wisconsin Street, Detroit, Michigan 48238.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,620.00 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,729.36 |
| C. Administrative Fee, Costs, Penalties | $71.99 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

    E. Attorneys fees                                                                                                                                       $0.00

    **Total Owed**                                                                                                                                        **$3,421.35**

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 3.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

    A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

    B. For attorneys' fees to the extent allowed by law; and,

    C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: Lovar J. Cusic

Address: 13991 Asbury Pk
Detroit, MI 48227
SSN

Total debt due United States as of 4/16/97: $2,655.70

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $1,620.00 from 4/16/97 at the annual rate of 3%. Interest accrues on the principal amount of this debt at the rate of $0.13 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender assigned to the United States.

On 10/7/74, 10/25/74, 1/17/75, 2/10/75, 4/4/75, 5/23/75, 9/29/77, 10/24/77 & 1/5/78 the debtor executed promissory notes(s) to secure loan(s) from Lansing Community College under loan guaranty programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087 et.seq (34 C.F.R. part 674). The holder demanded payment according to the terms of the note(s) and on 4/15/77 & 5/2/79 the debtor defaulted on the obligation.

After application of the last voluntary payment of $50.00 which was received on 7/11/94 the debtor now owes the following:

| | |
|---|---|
| Principal: | $1,620.00 |
| Interest: | $983.71 |
| Administrative/Collection Costs: | $37.00 |
| Penalties: | $14.99 |

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

4/24/97                                P. Ungaro
Date                                   Loan Analyst
                                       Litigation Branch

# PROMISSORY NOTE

## NATIONAL DIRECT STUDENT LOAN PROGRAM

I, _Lovar J. Cusic_ hereinafter called the Maker promise to pay LANSING COMMUNITY COLLEGE, hereinafter called the Lending Institution, located at 419 North Capitol Avenue, Lansing, Michigan 48914, the sum of such amounts as may from time to time be advanced to me and endorsed in the schedule of advances below and other costs and charges necessary for the collection of any amount not paid when due.

### SCHEDULE OF ADVANCES

|   | Amount | Check Number | Date | Signature of Maker |
|---|--------|--------------|------|--------------------|
| 1 | $200 | 9000242 / B1002008 | 10-7-74 | Lovar J. Cusic |
| 2 | 100 | B1002888 | 10-25-74 | Lovar J. Cusic |
| 3 | 200 | B1003300 | 1-17-75 | Lovar J. Cusic |
| 4 | 270 | B1004193 | 2-10-75 | Lovar J. Cusic |
| 5 | $400 | 9000235 | 4-4-75 | Lovar J. Cusic |
| 6 | 100 | B1005525 | 5-23-75 | Lovar J. Cusic |
| 7 |   |   |   |   |
| 8 |   |   |   |   |

The Maker further understands and agrees, and it is understood between the parties that:

I. All sums advanced pursuant to this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act. Such terms of the note as are subject to interpretation shall be construed in the light of such Act and Federal Regulations pertaining to such Act, copies of which shall be kept by the Lending Institution.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing (except when paragraph III (3) is applicable) 9 months after the date on which the Maker ceases to carry, at an institution of Higher Education, or at a comparable institution outside the States approved for this purpose by the U.S. Commissioner of Education, hereinafter called the Commissioner, at least one-half the normal full-time academic workload and ending 10 years and 9 months after such repayment period. Repayment of principal, together with interest thereon, shall be made in equal (or, if the Maker so requests, in graduated installments determined in accordance with such schedules as may be approved by the Lending Institution and the Commissioner) quarterly, bimonthly or monthly installments (as determined by the Lending Institution) in accordance with the schedule which is attached to and made part of this note.

III. This note is subject also to the following conditions.

    (1) The Maker may at his option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time.

    (2) In the event of a failure to meet a scheduled repayment of any of the installments due on this Note, the entire unpaid indebtedness including interest due and accrued thereon, shall, at the option of the Lending Institution, become immediately due and payable.

    (3) Interest shall not accrue, and installments need not be paid during any period (A) during which the Maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload or (B) not in excess of 3 years during which the Maker (I) is on full-time active duty as a member of the Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) of the United States, (II) is in service as a volunteer under the Peace Corps Act, or (III) is in service as a volunteer under Title VIII of the Economic Opportunity Act of 1965 (VISTA). Any such period in (A) or (B) shall not be included in determining the 10-year period during which repayment must be completed as specified in paragraph II.

    (4) If the Maker undertakes service after June 30, 1972, (A) as a full-time teacher in a public or other nonprofit private elementary or secondary school which is in a school district of a local educational agency which is eligible in such year for assistance pursuant to Title I of the Elementary and Secondary Education Act of 1965 and which for the purposes of this clause and for that year has been designated by the Commissioner in accordance with the provisions of section 465 (A) (2) of the Act as a school with a high enrollment of students from low-income families, or (B) as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, or other health-impaired children who by reason thereof require special education) in a public or other nonprofit elementary or secondary school system, for each complete year of such service the amount of this Note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for the third and fourth year of such service, and 30 per centum of the total principal amount plus interest thereon for the fifth year of such service.

(5) If, after June 30, 1972, the Maker undertakes service as a full-time staff member in a preschool program carried on under section 222 (A) (1) of the Economic Opportunity Act of 1964 (Head Start) which is operated for a period which is comparable to a full school year in the locality, and provided that the salary of such staff member is not more than the salary of a comparable employee of the local educational agency, the principal amount of this Note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for each complete year of such service.

(6) If, after June 30, 1972, the Maker serves as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this loan shall be reduced at the rate of 12½ per centum of the total principal amount of the loan, plus interest thereon, for each complete year of service in an area of hostilities that qualifies for special pay under section 310 of Title 37, United States Code.

(7) The Maker is responsible for informing the Lending Institution of any changes in his address.

(8) Notwithstanding the repayment schedule otherwise calculable to Part II, the Maker shall repay the total principal amount of this loan at the rate of not less than $30 per month. In the event the Maker receives or has received other National Direct Student Loans from other Funds authorized by the Act at one or more other lending institutions, he/she shall repay this note at a monthly rate equal to not less than the amount by which $30 exceeds the total monthly rate of principal repayment on all such other loans.

(9) If the Maker fails to make timely payment of all or any part of a scheduled installment, or if the Maker is eligible for deferment or cancellation of payment (pursuant to Part III (3), (4), (5), or (6), but fails to submit timely and satisfactory evidence thereof, the Maker promises to pay the charge assessed against him by the Lending Institution. No charge may exceed (1) where the loan is repayable in monthly installments, $1 for the first month or part of a month by which such installment or evidence is late, and $2 for each month or part of a month thereafter; or (2) in the case of a loan which is repayable in bimonthly or quarterly installments, $3 and $6, respectively, for each installment interval or part thereof by which such installment or evidence is late. If the Lending Institution elects to add the assessed charge to the outstanding principal of the loan, it shall so inform the Maker prior to the due date of the next installment.

IV. This Note shall not be assigned by the Lending Institution except, upon transfer of the Maker to another institution participating in this program (or, if not so participating, is eligible to do so and is approved by the Commissioner for such purpose), to such institution; provided that assignment may be made to (A) institutions other than those to which the Maker has transferred or to the United States where the lending institution ceases to function as an educational institution and (B) to the United States if this Note has been in default for two years. The provisions of this Note that relate to the lending institution shall where appropriate relate to an assignee.

V. The Maker hereby certifies that he has listed below all of the National Direct Student Loans (or National Defense Student Loans) he has obtained at other institutions.

### SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| | Amount | Date | Institutions | Signature of Maker |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |

Signature _____ Date _____, 19 ____

Permanent Address _____
(Street or Box Number, City, State, and Zip Code)

CAVEAT — This note shall be executed without security and without endorsement, except that if the Maker is a minor and this Note would not, under the law of the State in which the Lending Institution is located, create a binding obligation, either security or endorsement may be required. The Lending Institution shall supply a copy of this Note to the Maker.

Signature of Endorser _____ Date _____, 19 ____

Permanent Address _____
(Street or Box Number, City, State, and Zip Code)

8/72—2M

OE-4246 (Rev. (8-72))

Department of Health, Education and Welfare
OFFICE OF EDUCATION
Washington, D.C. 20202

306212

PROMISSORY NOTE
NATIONAL DEFENSE STUDENT LOAN PROGRAM
BUREAU OF HIGHER EDUCATION

Cheney, WA 99004
(City, State and Zip Code)

I, Lovar J. Cusic   SS# _____ hereinafter called the MAKER, promise to pay
to Eastern Washington University _____, hereinafter called the INSTITUTION, located at
Cheney, WA 99004 _____, the sum fo such amounts as may from time to time
be advanced to me and endorsed in the Schedule of Advances below.

### SCHEDULE OF ADVANCES

| | Amount | | Date | Signature of Maker |
|---|---|---|---|---|
| 1 | FALL | 200.00 | 29 SEP 1977 | Lovar J Cusic |
| 2 | Wtr | 150.00 | 1-5-78 | Lovar J Cusic |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | CUSIC*LOVAR JEROME* | | | |
| 9 | ~~~~014539 06-09-84 | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |

The MAKER further understands and agrees, and it is understood between the parties that:

I. Repayment of principal, together with interest thereon, shall be made over a period, commencing (except when paragraph III (3) applies), nine months after the date on which the MAKER ceases to carry, at an institution of higher education, (as defined in the National Defense Education Act of 1958 as amended, and Regulations pertaining thereto) or at a comparable institution outside the State approved for this purpose by the Commissioner, at least one-half the full-time academic workload as determined by the institution granting the loan, and ending ten years and nine months after such date. Interest, at the rate of three per centum per annum, shall accrue from the beginning of such repayment period  Repayment of principal, together with interest thereon, shall be made in equal (or if the MAKER so requests, in graduated installments determined in accordance with such schedules as may be approved by the above-named INSTITUTION and the Commissioner) installments in accordance with the schedule which is attached to and made part of this note.

(1) Notwithstanding the repayment schedule otherwise calculable pursuant to Paragraph 1 of this promissory note, the MAKER shall repay the principal of this note at the rate of not less than $90.00 per quarter. In the event the MAKER receives or has received other National Defense Student Loans at one or more institutions, he shall repay this note at a quarterly rate equal to not less than the amount by which $90.00 exceeds the total quarterly rate of repayment on all such other loans.

II. All sums advanced pursuant to this note are drawn from a fund created under the National Defense Education Act of 1958 as ammended. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which shall be kept by the INSTITUTION.

III. THIS NOTE IS SUBJECT ALSO TO THE FOLLOWING CONDITIONS:

(1) The MAKER may at his option and without penalty repay all or any part of the principal plus the accrued interest at any time

(2) Interest shall not accrue on the loan, and installments need not be paid during any period (A) During which the MAKER is carrying, at an institution of higher education or at a comparable institution outside the State approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload as determined by the institution, (B) Not in excess of three years during which the MAKER is a member of the Armed Forces of the United States, (C) Not in excess of three years during which the MAKER is in service as a volunteer under the Peace Corps Act or

(3) If the MAKER undertakes service after June 30, 1972, (A) as a full-time teacher in a public or other nonprofit private elementary or secondary school which is in a school district of a local educational agency which is eligible in such year for assistance pursuant to title I of the Elementary and Secondary Education Act of 1965 and which for the purposes of this clause and for that year has been designated by the Commissioner in accordance with the provisions of section 465(A)(2) of the Act as a school with a high enrollment of students from low-income families, (B) as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, or other health-impaired children who by reason thereof required special education) in a public or other nonprofit elementary or secondary school system, for each complete year of such service the amount of this note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for the first and second year of such service, 20 per centum of the total principal amount plus interest thereon for the third and fourth year of such service, and 30 per centum of the total principal amount plus interest thereon for the fifth year of such service.

(4) If after June 30, 1972 the MAKER undertakes service as a full-time staff member in a pre-school program carried on under section 222(A)(1) of the Economic Opportunity Act of 1964 (Head Start) which is operated for a period which is comparable to a full year in the locality, and provided that the salary of such staff member is not more than the salary of a comparable employee of the local educational agency, the principal amount of this note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for each complete year of such service.

(5) If, after June 30 1972, the MAKER serves as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this loan shall be reduced at the rate of 12½ per centum of the total principal amount of the loan, plus interest thereon, for each complete year of service in an area of hostilities that qualifies for special pay under section 310 of Title 37, United States Code.

(6) If, commencing with the academic year 1967-68, the MAKER undertakes service as a full-time teacher in a public or other nonprofit elementary or secondary school which is in the school district of a local educational agency which is eligible in such year for assistance pursuant to Title II of P.L. 81-874, as amended, and which, for purposes of this clause, for that year has been betermined by the Commissioner, to be a school in which there is a high concentration of students from low-income families, the amount of this note shall be reduced at the rate of 15 per centum of the total amount of the loan plus interest thereon for each complete academic year or its equivalent (as determined under regulations of the commissioner) of such service.

(7) The MAKER is responsible for informing the institution to which he is indebted under this note of any change or changes in his address.

(8) In the event of a failure to meet a scheduled repayment of any of the installments due on this note the entire unpaid indebtedness, including interest due and accrued thereon, shall at the option of this INSTITUTION become immediately due and payable, together with all attorney's fees and other costs and charges necessary for the collection of any amount not paid when due.

IV. THE MAKER HEREBY CERTIFIES THAT HE HAS LISTED BELOW ALL OF THE NATIONAL DEFENSE STUDENT LOANS OBTAINED AT OTHER INSTITUTIONS.

| SCHEDULE OF NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS | | | |
|---|---|---|---|
| Amount | Date | Institution | Signature of Maker |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

Co-signature _____  Date _____ 19 ____
(When under 21)

Signature _Lorah J. Curic_____ Date _10-24_ 19 _77_

Permanent Address _L.A. Residence Rm 149 Cheney, WA 99004_
(City, State, Zip Code)

CAVEAT  This note shall be executed without security and without endorsement, except that, if the MAKER is a minor and this note would not, under State law, create a binding obligation, either security or endorsement may be required. The INSTITUTION shall supply a copy of this note to the MAKER.

Page 2